# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISON

| | | |
|---|---|---|
| HENRY GEIGER, | ) | CASE NO. 1:20-CV-02486-CEH |
| | ) | |
| Plaintiff, | ) | CARMEN E. HENDERSON |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant, | ) | |
| | ) | |

This is an action by Henry Geiger ("Claimant" or "Geiger") under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB").

The parties have consented to my jurisdiction. This matter is before the Court on the Commissioner's motion to remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and to enter judgment pursuant to Federal Rule of Civil Procedure 58. Claimant objects to the remand for further proceedings and requests that the matter be remanded for an award of benefits. For the reasons set forth below, the Court GRANTS the Commissioner's motion IN PART and REMANDS the matter to the Commissioner for an award of benefits.

## I.    Procedural History

Claimant originally filed for disability on August 27, 2015. Since then, he has had three administrative hearings, twice remanded by the Appeals Council for further proceedings. As set forth by Claimant (and not disputed by the government) the procedural history is as follows:

1

Plaintiff, Henry Herbert Geiger, filed an application for disability insurance benefits on August 27, 2015.[1] (Tr. 559-560). He alleged disability since December 17, 2007 due to type1 [sic] diabetes, spinal stenosis, retinopathy, neuropathy, amputation of left index finger, depression, neck pain, high blood pressure, muscular pain and acute bronchitis. (Tr. 608). Mr. Geiger's application was denied initially and upon reconsideration. He then requested a hearing before an Administrative Law Judge ("ALJ"). On November 9, 2016, a hearing was held before ALJ Catherine Ma. Mr. Geiger, represented by counsel, appeared and testified. Also making an appearance and testifying was Kathleen Reis, vocational expert. (Tr. 243-300). On June 19, 2017, the ALJ issued a Notice of Decision – Unfavorable. (Tr. 321-341). In a notice dated December 22, 2017, the Appeals Council vacated the decision of the ALJ and remanded the claim. The Appeals Council determined that the ALJ did not articulate a basis for assigning a limited range of light work. Upon remand, the ALJ was instructed to obtain evidence from a medical expert to clarify the nature and severity of Mr. Geiger's impairments through March 31, 2010, give further consideration to Mr. Geiger's maximum residual functional capacity and, if necessary, obtain supplemental evidence from a vocational expert. (Tr. 342-345).

A supplemental hearing was held on June 13, 2018 before ALJ Ma. Mr. Geiger, represented by counsel, again appeared and testified. Deborah Lee, vocational expert appeared and testified. Robert Sklaroff, medical expert, appeared by telephone and testified. (Tr. 173- 242). On October 18, 2018, the ALJ issued a Notice of Decision – Unfavorable. (Tr. 346-371). In a notice dated August 13, 2019, the Appeals Council again vacated the decision of the ALJ. The Appeals Council determined there was an improper dialog between the medical expert and the vocational expert. Further, the residual functional capacity contained internally inconsistent limitations with respect to claimant's left upper extremity; Mr. Geiger cannot simultaneously have "no functional use of the left hand" while also being able to "assist the right hand with pushing, pulling, lifting and carrying". Additionally, the vocational expert testified that it would take longer to become proficient in unskilled jobs when considering the left upper extremity restrictions. The Appeals Council noted that it is unclear how allowing more time to learn the job than contemplated under the Dictionary of Occupational Titles is not an accommodation. The ALJ did not resolve the conflicts between the vocational expert testimony and the information contained in the Dictionary of Occupational Titles. Upon remand, the ALJ was instructed to give further consideration to Mr. Geiger's maximum residual functional capacity and provide rationale with specific references to evidence of record in support of

2

> the assessed limitations and obtain supplemental evidence from a vocational expert to clarify the effect of the limitations on Mr. Geiger's occupational base. As the case was previously remanded to the same ALJ, the Appeals Council directed the case be assigned to a different ALJ. (Tr. 374-376).
>
> Pursuant to the Appeals Council remand order, a supplemental hearing was held December 3, 2019 before ALJ Susan Guiffre. Mr. Geiger, represented by counsel, appeared and testified. Daniel Simone, vocational expert, also made an appearance and testified. (Tr. 145-172). On December 23, 2019, the ALJ issued a Notice of Decision – Unfavorable. (Tr. 112-139). In a notice dated September 18, 2020, the Appeals Council declined to review the decision of the ALJ. (Tr. 101-106). The ALJ's decision of December 23, 2019 thereby became the final decision of the Commissioner.
>
> Dissatisfied with that decision and having exhausted all of his administrative remedies, Mr. Geiger now brings this appeal before the United States District Court for the Northern District of Ohio to determine whether the Commissioner's decision is supported by substantial evidence.

(ECF No. 16 at 1-3).

Following the last hearing, ALJ determined that "[t]hrough the date last insured, the claimant had the following severe impairments: amputation of the left finger, fracture of the left arm, and degenerative joint disease and degenerative disc disease of the cervical and lumbosacral spine (20 CFR 404.1520(c))." (ECF No. 15, PageID #: 206). The ALJ found that Claimant had the residual functional capacity ("RFC") "to perform light work as defined in 20 CFR 404.1567(b) except he could have never climbed ladders, ropes and scaffolds, could only have crawled frequently, and could have only used the left hand occasionally for grasping but not fingering." (ECF No. 15, PageID #: 212-213). Ultimately, the ALJ found that a significant number of jobs exist in the national economy that the Claimant can perform considering his age, education, work experience, and RFC. (ECF No. 15, PageID #: 215).

On appeal to this Court, Claimant raised two issues for review:

3

> 1. At step five, the ALJ found that Mr. Geiger is capable of performing a significant number of jobs in the national economy. This finding is unsupported by substantial evidence because the ALJ's residual functional capacity finding does not adequately consider the opinions of the medical sources of record.
>
> 2. At step two, the ALJ found that Mr. Geiger's mental impairment is nonsevere. This finding is unsupported by substantial evidence when the evidence demonstrates that Mr. Geiger's mental impairment significantly impairs his ability to relate to others.

(ECF No. 16 at 1).

At issue here is the ALJ's analysis of the opinion provided by Dr. Robert Sklaroff who opined that Claimant's left hand was not functional. Dr. Sklaroff testified "that the hand is not functional, relative to grip strength and apposition of index finger tip to the third finger tip, notwithstanding the amputation and all the other limits -- in other words, he can't compensate with the fourth or the fifth fingers either." (ECF No. 15, PageID #: 302). And that "the crush injury to Mr. Geiger's hand knocked out using the hand in any meaningful way which is mutually exclusive of otherwise being able to compensate and engage in ADLs." (ECF No. 15, PageID #: 302). Dr. Sklaroff stated, "right hand, okay. Left hand, not functional, period." (ECF No. 15, PageID #: 307). Dr. Sklaroff clarified that no functioning of the left hand means no handling, fingering or feeling. (ECF No. 15, PageID #: 317). The ALJ gave Dr. Sklaroff's opinion "great weight" but failed to include the severe limitations to Claimant's left hand in the RFC. Specifically, the ALJ stated:

> At the hearing, the undersigned also received the testimony of an impartial medical expert, Robert B. Sklaroff M.D. Dr. Sklaroff testified that the record supports the finding of the impairments noted above, and would limit him to lift and/or carry 50 lbs. occasionally, 25 lbs. frequently; stand and/or walk for about 6 hours in an 8-hour workday; sit for about 6 hours in an 8-hour workday; and can push and/or pull as much as he can lift and/or carry; and no extreme temperatures, fumes, or dust (Hearing Testimony). The medical expert testified under oath and was

> subject to cross-examination at hearing. Dr. Sklaroff has an applicable medical specialty and is Board Certified in Internal Medicine (Exhibit 23F). He also has specialized Social Security disability program knowledge and experience serving as independent, objective, neutral and impartial medical expert evaluating Social Security disability cases. Dr. Sklaroff personally reviewed the entire medical record including the most up to date medical exhibits and offered a thorough analysis of the medical evidence pertinent to his medical expertise. Dr. Sklaroff offered an insightful and persuasive explanation in support of his medical opinion. Lastly, his medical opinions are consistent with the record as a whole. The undersigned gives great weight to Dr. Sklaroff's opinion as his medical opinions are generally consistent with the medical evidence of record and the record as a whole to the extent reflected in the residual functional capacity assessed above. However, the undersigned notes the evidence does not support limitations to exposure to extreme temperatures, fumes, or dust supported by the claimant's admission of improvement following the doctor's testimony.

(ECF No. 15, PageID #: 214). The Commissioner agrees that the ALJ improperly analyzed Dr. Sklaroff's testimonial opinion but argues that the matter should be remanded for *de novo* review and a new decision by an ALJ. Claimant states that there is no question of fact that needs to be determined and, thus, this Court should remand for an award of benefits. The Court agrees with Claimant.

**II.     Law and Analysis**

A district court may reverse the decision of the Commissioner and remand for an award of benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 176 (6th Cir. 1994) (citations omitted). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id*. (citing *Mowery v. Heckler*, 771 F.2d. 966, 973 (6th Cir. 1985)).

The extent of Claimant's functional use of his left hand is no longer a question of fact. The Commissioner's suggestion that there is conflicting evidence regarding Claimant's functional use of his left hand is not well taken. In support of remanding for further proceedings, the Commissioner states: "There have been multiple hearings with conflicting views on whether accommodating Dr. Sklaroff's opinion would preclude Plaintiff from working. One vocational expert testified that he could still perform work with no functional use of the left hand, while another indicated that he could not. (Tr. 170, 224, 230, 232). The ALJ also pointed out that the claimant could drive and do light housework, which indicates some ability to use the left hand. (Tr. 120, 125)." (ECF No. 18 at 1-2). Although there is evidence that Claimant continued to engage in driving, light housework, laundry, and preparation of light meals (ECF No. 15, PageID #: 949), there is no evidence that he performed any of those functions with his left hand. In fact, the evidence supports that Claimant's only "use" of his left hand is to assist in bracing his right. (*See* ECF No. 15, PageID #: 215).

The evidence supports Dr. Sklaroff's opinion that Claimant has no functional use of his left hand. In July 2008, Dr. Purohit opined that Claimant may "perhaps" be capable of some type of sedentary job with minimal use of the left hand (ECF No. 15, PageID #: 986), but further explained that Claimant could return to a job "with modifications so he does not have to use his left hand" (ECF No. 15, PageID #: 987). This opinion followed Dr. Purohit's assessment that Claimant "had sustained a crushing injury to his left hand and index finger in a severely comminuted fracture with no viability of the tissues, so they had to perform a re-amputation of the second finger of the left hand…he also had comminuted fractures of the distal phalanx of the thumb and laceration of the thumb…he has a functional thumb…[t]he third finger has developed an ankylosis." (ECF No. 15, PageID #: 985). In April 2009, Dr. Kovesdi recommended that

6

Claimant not use his left hand at all. (ECF No. 15, PageID #: 960). This recommendation followed Dr. Kovesdi's review of the medical records and an examination of Claimant from which he assessed:

> Examination of his left wrist reveals crepitus at the distal radioulnar joint with 70 degrees of active supination and active pronation. He has multiple well-healed scars on the dorsum and the palm of the left band with the second metacarpal ray resection and the complete amputation of the index finger. There is tenderness along those radial-sided scars. His thumb movement is otherwise within normal limits and comfortable. He has aokylosis of the middle finger/long finger/third finger at the PIP joint at 60 degrees without swelling and otherwise with grossly intact circulatory and neurological findings to the 3 remaining digits. He has normal flexion and extension of the ring finger and the fifth digit without swelling. He can grip with those two fingers, but his pinch with the third finger and the thumb is difficult due to the ankylosis of the long digit.

(ECF No. 15, PageID #: 959). In March 2010, Dr. Flanagan opined that Claimant has total loss of use of his left hand for all practical purposes. (ECF No. 15, PageID #: 935). During Dr. Flanagan's examination of Claimant, "[t]wo and three finger pinch grips were attempted by Mr. Geiger is unable to approximate his thumb to the middle finger of his left hand." (ECF No. 15, PageID # 935). Dr. Flanagan explained:

> It is my opinion based upon the allowed condition of 927.20 crushing injury of hand, left, and 886.0 amputation of the left second finger, in addition to the limitation of motion found on my examination of the left hand, that Mr. Geiger has total loss of use of the left hand for all practicable purposes. His left index finger is surgically absent. He has very significant limitation of motion of the left thumb. He has less significant limitation of motion in the left middle finger. His grip strength is moderately severely reduced in the left hand. He is unable to perform a pinch-type maneuver. Therefore, it is my opinion that he does indeed have total permanent loss of use of the left hand to such a degree that the affected body part is useless for all practicable purposes.

(ECF No. 15, PageID #: 935).

Based on an examination of the record evidence and the medical expert opinions, the Court agrees with Claimant that "all factual issues have been resolved" *Faucher*, 17 F.3d. at 176, and that proof of Claimant's total and permanent loss of use of his left hand is overwhelming.

The Court further finds that the record adequately establishes that Claimant is entitled to benefits. Claimant correctly states that the vocational experts support that there are no jobs available for an individual with Claimant's limitations should those limitations include no use of his left hand. Two vocational experts, from Claimant's first and third hearings, testified that with no functional use of his left hand, there would be no jobs available in the national economy for Claimant to perform. (ECF No. 15, PageID #: 259, 387-388). As Commissioner points out, one vocational expert, from Claimant's second hearing, identified jobs outside of the DOT (ECF No. 15, PageID #: 319); however, that same vocational expert conceded that it would take a one-handed person longer to become proficient at the jobs identified (ECF No. 15, PageID #: 328-329). The Appeals Council considered this testimony and noted that it is unclear how allowing more time to learn the job than contemplated under the DOT is not an accommodation. (ECF No. 15, PageID #: 464). If the employer would have to provide extra time only to the hypothetical individual, that is the definition of an accommodation. According to Social Security Ruling 11-2p when determining whether an individual can do other work which exists in the national economy, the Social Security agency does not consider whether the individual could do the work with an accommodation. (ECF No. 15, PageID #: 464). The Appeals Council then remanded the matter to a new ALJ with specific instructions to "[o]btain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14)." (ECF No. 15, PageID #: 465).

Thus, two vocational experts have concluded that if Claimant has no functional use of his left hand, then there would be no jobs in the national economy for him to perform. A third vocational expert opined that jobs would exist, but only with an accommodation – which is not allowed for consideration.

Because there is no material conflicting evidence in regard to the severity of Claimant's left hand impairments and the record adequately establishes that Claimant is entitled to benefits, the case must be remanded to the Commissioner for an award of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

### III. Conclusion

The Commissioner's decision is REVERSED, and this matter is REMANDED for an award of benefits pursuant to sentence four of 42 U.S.C. § 405(g). *Faucher*, 17 F.3d. at 176.

A Judgment Entry will be separately published.

**IT IS SO ORDERED**


Dated: December 22, 2021

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE
